**Opinion issued July 7, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-26-00665-CR**

————————————

**IN RE SANTIAGO STABLE, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Santiago Stable, incarcerated and proceeding pro se, filed a petition for a writ of mandamus alleging that the trial court had failed to rule on his "petition for nunc pro tunc" filed in the trial court on October 30, 2025 as well as an "order on nunc pro tunc" filed on December 8, 2025.[1] However, relator's mandamus

---

[1] The underlying case is *The State of Texas v. Santiago Stable*, Cause Number 1118645, pending in the 180th District Court of Harris County, Texas, the Honorable Tami Pierce presiding.

petition fails to provide a record of the pro se motions for which he alleges the trial court had failed to rule.[2] Nor does relator's mandamus petition establish that such motions were filed and brought to the attention of the trial court. *See In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Despite that, relator's petition requests that this Court grant his request for mandamus relief and direct the trial court to rule on the motion nunc pro tunc.

Our review of relator's mandamus petition reflects that he has failed to establish that he is entitled to mandamus relief. *See* TEX. R. APP. P. 52.3(l), 52.7(a)(1); *see also In re Gomez*, 602 S.W.3d at 73. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] The only record provided with relator's petition for writ of mandamus was a copy of a post card from the Texas Court of Criminal Appeals notifying relator that on February 3, 2026, his "motion for leave to file the original application for writ of mandamus and original application for writ of mandamus [were] received and presented to" the Court. While relator's petition for writ of mandamus does not specifically request that this Court grant mandamus relief against the Court of Criminal Appeals, we note that, to the extent relator seeks such relief from this Court, we lack writ power over the Court of Criminal Appeals. *See* TEX. GOV'T CODE ANN. § 22.221(b).